FILED ____ENTERED
____ ____RECEIVED

DEC 20 1999

CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOAN A. BROOKS,                   :

    Plaintiff                      :

v.                                :   Civil Action No. JFM-98-4108

AMF BOWLING CENTERS, INC.,        :

    Defendant                      :

o0o

## ORDER

On November 1, 1999, a jury found in favor of Defendant in this case. Currently pending is an unopposed Bill of Costs filed by Defendant. The Clerk has reviewed the Bill of Costs and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md.).

### COST OF REMOVAL

This action was originally filed in the Circuit Court for Baltimore City and removed to this Court by Defendant. Defendant is seeking the $150.00 filing fee it was required to pay at the time of removal. This amount is recoverable under 28 U.S.C. §1920(1). *McGuigan v. CAE Link, Corp.*, 155 F.R.D. 31, 37 (N.D. N.Y. 1994).

### TRANSCRIPTS

The Clerk may tax the costs of transcripts under 28 U.S.C. §1920(2) where they are necessary for the case. *See Crawford v. Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437 (1987). To determine if a deposition expense is taxable, "we should consider the extent of actual use of each deposition in cross-examination and otherwise and whether the taking was reasonably necessary to the party's case in light of the particular situation existing at the time of taking." *Advance Business Systems & Supply Co.*, 287 F. Supp. 143, 165 (D. Md. 1968). While the court may allow a deposition expense if the taking of that deposition was "reasonably necessary" in "light of the particular situation existing at the time of the

taking," the Clerk's authority, in this district, is more limited. In this district, the Clerk has traditionally allowed: (1) the costs associated with deposing the parties in the case; (2) the costs of those depositions that were actually used in connection with the event that terminated the litigation; and (3) the costs of the depositions of trial witnesses.

Defendant is seeking $361.00 for the costs of the deposition of the Plaintiff and $184.00 for the costs of the deposition of Tony Timmons, a trial witness. Although the per page rate for the depositions, $3.00, is reasonable, the total costs include $10.00 each for shipping and handling. That portion of the cost is not generally allowed in this district. Accordingly, Defendant will be allowed $351.00 for the cost of the deposition of Plaintiff and $174.00 for the cost of the deposition of Mr. Timmons.

SUMMARY

Defendant will be allowed costs of $150.00 for the filing fee and $525.00 for depositions. All other costs are disallowed.

CONCLUSION

In accordance with the foregoing, Defendant is hereby awarded costs of $675.00.

A party may seek review of this decision as is provided for in Fed. R. Civ. P. 54(d)(1).

The Clerk shall docket and mail copies of this Order to all counsel of record.

DATED this 20th day of December, 1999.

Felicia C. Cannon
Clerk
United States District Court for the District of Maryland